IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOHN PAUL THOMAS, | ) | 4:16CV3014 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STEVEN BURNS, | ) | |
| Respondent. | ) | |

This matter is before the court on initial review of Petitioner's Petition for Writ of Mandamus (Filing No. 1). Petitioner seeks leave to proceed in forma pauperis in this action and so the court conducts this initial review pursuant to 28 U.S.C. § 1915 (e)(2) (requiring the court to dismiss an action filed in forma pauperis if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). For the reasons set forth below, the court will dismiss this action for lack of jurisdiction and because the petition fails to state a claim on which relief may be granted.

## I. SUMMARY OF PETITION

Petitioner brings this action seeking a writ of mandamus against Judge Steven Burns, a state district court judge in Lancaster County, Nebraska. Petitioner claims Judge Burns is presiding over Petitioner's divorce and child custody proceedings. Judge Burns calculated the amount of child support Petitioner was to pay based on the assumption that Petitioner was capable of full-time employment. Petitioner claims he is not capable of full-time employment, and "was awarded disability" from the Social Security Administration in 2004. He seeks an order requiring Judge Burns to "issue a new Order that complies with state and federal laws in his calculations of Petitioner's child support." (Filing No. 1 at CM/ECF p. 4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim on which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963).

The actions of the named respondent in the instant case are not within the jurisdiction of this court. *See Middlebrooks*, 323 F.2d at 486. Specifically, this court has no authority to compel action by state officers, including state judicial officers. *See, e.g., Veneri v. Circuit Court of Gasconade Cnty.*, 528 F.Supp. 496, 498 (E. D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Accordingly, the court will

dismiss the petition for lack of jurisdiction and for failure to state a claim on which relief may be granted.

IT IS THEREFORE ORDERED that:

1. The Petition for Writ of Mandamus (Filing No. 1) is dismissed. The court will enter judgment by a separate document.

2. Petitioner's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied as moot.

DATED this 8th day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge